**James E. SELF, Jr., Plaintiff-Appellee,**

**v.**

**Christine June SELF, Defendant-Appellant.**

**No. 79-1569**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 2, 1980.

Rehearing Denied April 30, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Joe Alfred Izen, Jr., Houston, Tex., for defendant-appellant.

William W. Rucker, Houston, Tex., for plaintiff-appellee.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Christine Self brings this appeal to contest the district judge's remand of her removal petition. The appeal is dismissed because this Court lacks jurisdiction. Further, because of the frivolous nature of the appeal, we remand this case to the district court for an assessment of costs and damages to be paid to James Self.

Christine and James Self were divorced in June 1976. The decree provided James visitation rights with their minor daughter of two weekends per month. In September 1978 James filed a motion in state court for Christine to show cause why she should not be held in contempt for failing to allow James to exercise his visitation rights.

The state trial judge declined to find Christine in contempt, but did enter a temporary order for the protection of the child. On November 17th, Christine filed a petition for removal and James countered with a motion to remand. On February 12, 1979, the federal district judge remanded this case due to lack of jurisdiction. The district court also reserved the issue of attorneys' fees for James Self. Christine Self then instituted this appeal.

The district judge remanded the case for lack of jurisdiction, a basis for remand provided in 28 U.S.C. § 1447(c).[1] 28 U.S.C. § 1447(d)[2] states that remand orders are not reviewable on appeal or otherwise except in civil rights cases. *See Southeast Mortgage Co. v. Mullins,* 514 F.2d 747 (5th Cir. 1975); *McClanahan v. State of Louisiana,* 399 F.2d 695 (5th Cir. 1968); *In re Weaver,* 610 F.2d 335 (5th Cir. 1980); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3740 (1976); C. Wright, Law of Federal Courts § 41 (3d ed. 1976); 1A Part 1 Moore's Federal Practice ¶ 0.169[2] (2d ed. 1979). Christine Self's removal petition was not based upon a civil rights claim. *See* 28 U.S.C. § 1443 (1973).

The Supreme Court slightly enlarged the scope of review of remand orders in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

---

1.  28 U.S.C. § 1447(c) provides:

    (c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

2.  28 U.S.C. § 1447(d) provides:

    (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

There the Court held that the ban on appellate review of remand orders applies only if the order was issued on a ground specified in Section 1447(c). Lack of jurisdiction, the basis of the remand in the case at bar, is one of the grounds provided in Section 1447(c) for remand.

The Court has also held that if a district court dismisses a party and the dismissal leads to a remand, the order of dismissal may be reviewed. *Waco v. United States Fidelity and Guaranty Co.,* 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934); *Southeast Mortgage Co. v. Mullins,* 514 F.2d 747 (5th Cir. 1975); C. Wright, Law of Federal Courts § 41 (3d ed. 1976). This action did not involve the dismissal of a party.

■ A review of the applicable jurisprudence establishes, beyond pale, that this Court has no jurisdiction to entertain this appeal. Accordingly, the appeal is dismissed for want of jurisdiction.

■ James Self has requested damages for this frivolous appeal under F.R.A.P. 38. We agree with his contention that this appeal is frivolous. James Self has been required to file a brief and incur costs and attorneys' fees in order to protect his interests. We remand this case to the district court for determination of the amount of costs and damages to be paid to appellee James Self as a result of this frivolous appeal.

On remand, the district court should hold the attorney for Christine Self personally liable to the extent provided by law if he is found to have been culpable. *See e. g.,* 28 U.S.C. § 1927.

This appeal is dismissed for lack of jurisdiction and the case is remanded for a determination of damages and costs.

DISMISSED AND REMANDED.

\* Fed.R.App.P. 34(a); 5th Cir. R. 18.