PELL, Circuit Judge.
 

 This is an appeal arising from a chapter XI proceeding before the bankruptcy court. Because some review of how the case came to be in this court is necessary to understand our disposition, we recount in some detail the case’s long procedural history. The various appellees succeeded in obtaining from the bankruptcy court several so-
 
 *765
 
 called “turnover orders” which directed the Debtor-In-Possession, Frigidmeats, Inc., to return to its suppliers, the appellees, certain items of its inventory. The appellant, the National Acceptance Corporation of America, (NACA) claims to have a prior security interest in the items which by now have certainly been returned to the appellees. Upon consideration of NACA’s motion to vacate the turnover orders, the bankruptcy court found that “NACA was not made a party to any of Plaintiffs’ adversary Complaints” and that “NACA was not adequately represented by any of the parties to the adversary Complaints.” Nevertheless, the bankruptcy court denied, without prejudice, NACA’s motion to vacate the turnover orders, although it did permit NACA to pursue its claims sounding in conversion against the suppliers. Notwithstanding this generally favorable ruling NACA appealed the bankruptcy court’s order to the district court. Apparently it simultaneously pursued its conversion claims against the suppliers in the bankruptcy court.
 

 While the appeal was pending before the district court, the chapter XI proceeding was dismissed for want of prosecution because no plan of arrangement had been filed. Pursuant to Chapter XI Rule 11-42(d) such a dismissal is without prejudice. The dismissal of the underlying proceedings before the bankruptcy court persuaded the district court that it should dismiss the appeal because it could not order the bankruptcy court to take any action when the proceedings before it had ended. In an order dated May 31, 1979, therefore, the district court dismissed the appeal. NACA filed a timely motion to reconsider which the district court denied in a minute order dated June 20,1979. The minute order also contained the following notation:
 

 Pursuant to Rule 54(b), F.R.C.P. this court finds that the order dated May 31, 1979, dismissing the appeal is a final adjudication of all the claims, rights and liabilities of all the parties. Judgment is hereby entered accordingly.
 

 NACA timely appealed to this court. Of the numerous appellees, only Wexler Meat Company has filed a brief. In an order dated December 28,1979, this court ordered that the case would be decided without oral argument pursuant to Fed.R.App.P. 34. None of the parties has objected to this procedure.
 

 NACA in its briefs and motions has been exceedingly hazy about the relief it seeks from this court. What is clear is that it does not seek to adjudicate its claims against the appellees in this proceeding. It only seeks assurance that the action of the district court and the actions taken in the chapter XI proceedings before the bankruptcy court will have no “collateral consequences” on its right to pursue its claims against the appellees in other forums. Accordingly, we need not decide whether any residual or ancillary jurisdiction remained in the bankruptcy court or the district court after the dismissal of the arrangement proceedings.
 

 As to NACA’s challenge to the district court’s minute order dated June 20, 1979, it is clear that the district court did not intend its disposition of the appeal to be “on the merits.” The court, after all,
 
 dismissed
 
 the appeal; it did not affirm the bankruptcy court’s order. The district court’s action was merely designed to make it clear that no other claims or parties were before it and that the dismissal order was appealable as a “final decision.” Whether the notation was necessary we need not decide. Suffice it to say that the dismissal was not intended to be “on the merits” or to otherwise foreclose NACA from asserting its claims elsewhere.
 

 NACA also takes issue with what it assumes was the district court’s conclusion that the case was moot. We find there is no indication on the face of the district court’s order dated May 31, 1979, that it was decided on mootness grounds. It seems more likely that the court regarded itself as without jurisdiction to entertain the appeal after the underlying chapter XI case had been dismissed. As we have noted above, NACA does not argue that jurisdiction over its claims against the appellees now exists. Nothing in the district court’s order pre-
 
 *766
 
 eludes or affects NACA’s right to pursue its claims against the appellees in another forum. The district court did not decide that there was no real controversy between NACA and the appellees about who has superior claim to the goods subject to the turnover orders.
 

 To the extent that NACA’s objections in this court extend beyond the action of the district court and bring into question the order of the bankruptcy judge, they are similarly without merit. NACA’s motion to vacate the so-called turnover orders was in the nature of a motion pursuant to Fed.R. Civ.P. 60(b) for relief from the judgments entered in the reclamation proceedings. See Chapter XI Rule 11-63; Bankruptcy Rule 924 (incorporating Fed.R.Civ.P. 60 with exceptions not pertinent here). The bankruptcy judge found that NACA was not a party to the reclamation proceedings. It is well-settled that, with an exception not relevant here, “one who was not a party lacks standing to make [a 60(b)] motion.” 11 C. Wright & A. Miller, Federal Practice and Procedure § 2865 at 225-26 (1973). This does not in any way prejudice the rights of NACA. It was neither a party to the reclamation actions nor in privity with any of the parties. Consequently, the so-called turnover orders entered in the course of the reclamation actions can have no res judicata or collateral estoppel effect against NACA in any future action.
 
 See
 
 IB Moore’s Federal Practice ¶ 0.411[12] at 1671 (2d ed. 1974) (judgment entered against mortgagor in litigation commenced subsequent to execution of mortgage does not bind the nonparty mortgagee).
 

 For the above reasons, the order of the district court is affirmed. The one appellee who has actively participated in this appeal, Wexler Meat Company, has requested damages and double costs pursuant to Fed.R.App.P. 38. Although we affirm the judgment, given the rather confusing state of the record and the fact that NACA probably should have been named as a defendant in the reclamation actions in the first place, we cannot say that the appeal was wholly frivolous. Consequently, the motion is denied. As is our usual practice upon an affirmance, however, we order that costs be taxed against the appellant.
 
 See
 
 Fed.R. App.P. 39.
 

 AFFIRMED.