Victor MANEIKIS, Plaintiff-Appellee,

v.

Wilmer C. JORDAN,
Defendant-Appellant.

No. 80–2528.

United States Court of Appeals,
Seventh Circuit.

Submitted May 4, 1982.*

Decided May 18, 1982.

Rehearing and Rehearing En Banc
Denied June 16, 1982.

Shelly Waxman, Chicago, Ill., for defendant-appellant.

John G. Jacobs, Plotkin & Jacobs, Ltd., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and ESCHBACH, and POSNER, Circuit Judges.

PER CURIAM.

In this case we are asked to decide whether an appellee should be awarded damages and costs pursuant to Fed.R. App.P. 38 [1] for his efforts in response to an

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the Court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P. (effective Aug. 1, 1979); Circuit Rule 14(f). The appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

1. Rule 38 provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

attempted appeal from an obviously nonappealable order, and if so, against whom the damages and costs should be assessed.

The complaint in this action was filed in December, 1974 by the plaintiff-appellee, Victor Maneikis, against the defendants, Van Metre Lund and Wilmer Jordan. Maneikis, the licensee of a certain product, alleged that the defendants defrauded him into entering into a license agreement. In response to the complaint, the defendants filed a counterclaim. Subsequently, in an attempt to expedite this litigation, the parties negotiated an agreement whereby the plaintiff promised to forego certain discovery if the defendants voluntarily dismissed their claim. Accordingly, on March 20, 1978, the court entered an order dismissing the counterclaim. On August 27, 1979, however, defendant Jordan, the present appellant, moved for leave to reinstate that claim.[2] On October 6, 1980, the court entered an order denying that motion. Jordan now attempts to appeal from that order.

■ The initial question in this case is whether we have jurisdiction over this matter. The appellant's explanation of the basis of our jurisdiction consists of the unsupported claim that "the trial court's denial of reinstatement constitutes a final order which adjudicates substantial rights of defendant/counter-plaintiff Jordan."[3] Although that statement appears to acknowledge the "general principle that only *final* decisions of the federal district courts [are] reviewable on appeal," *Carson v. American Brands, Inc.*, 450 U.S. 79, 83, 101 S.Ct. 993,

996, 67 L.Ed.2d 59 (1981), it completely ignores the fact that this is a multiple claims litigation. See *Cold Metal Process Co. v. United Co.*, 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956); 9 Moore's Federal Practice ¶ 110.09 (2d ed. 1980). In such an action, the basic rule is that "any order ... which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties...." Fed. R.Civ.P. 54(b). Such an order is not an appealable "final decision" under 28 U.S.C. § 1291. *Local P–171, Etc. v. Thompson Farms, Co.*, 642 F.2d 1065 (7th Cir. 1981).

■ An exception to the basic rule can arise if the district court, pursuant to Rule 54(b), directs "the entry of a final judgment as to one or more but fewer than all of the claims or parties ... upon an express determination that there is no just reason for delay...." In this case, however, the court neither directed the entry of judgment nor made the requisite certification. See *U.S. General, Inc. v. City of Joliet*, 598 F.2d 1050, 1051 n.1 (7th Cir. 1979). Despite the appellant's characterization, the district court's order is not a "final decision" within the meaning of Section 1291. Thus it is not appealable under that statutory provision. Accordingly, we dismiss this appeal for want of jurisdiction.[4]

This disposition leads us to the more novel issue in this case: whether the appellee should be awarded damages and costs under Rule 38.[5] In *Ruderer v. Fines*, 614 F.2d 1128 (7th Cir. 1980), we explained that in order to make an award under the rule, we

2. The motion was based on the ground that the appellant had not received an "expedited trial." Defendant Lund did not join in the motion.

3. The appellant also makes reference to this Court's "supervisory power." Apparently that is an attempt to invoke the All Writs Act, 28 U.S.C. § 1651(a). The appellant, however, has completely failed to demonstrate that this is an "exceptional circumstance" in which an extraordinary writ would be appropriate. See *Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Evanson v. Union Oil Company of California*, 619 F.2d 72 (Temp.Emer.Ct. App.), certiorari denied, 449 U.S. 832, 101 S.Ct. 102, 66 L.Ed.2d 38 (1980); 9 Moore's Federal Practice ¶ 110.28 (2d ed. 1980). Further, his

failure to file a proper petition for a writ, see Fed.R.App.P. 21, suggests that this reference is simply an afterthought.

4. The appellant suggests no other statutory basis for this court's jurisdiction. See Circuit Rule 9(b).

5. In his brief the appellee requests an award under both Rule 38 and 28 U.S.C. § 1912. The Advisory Committee Notes to Rule 38 make clear, however, that § 1912 damages are imposed essentially for delay, whereas damages under the rule may be imposed if an appeal is frivolous even without a "showing that the appeal resulted in delay." Because allegations of delay are not explicitly made in this case, we will restrict our inquiry to the rule.

must make two determinations: (1) that the appeal is frivolous, and (2) that, in our discretion, we consider the appeal an appropriate one for the imposition of a sanction.

The first component of this two-tier analysis relates primarily to the merit of the party's legal position. Although we have cautioned that frivolousness in this context "means something more to us than an unsuccessful appeal," [6] we have also recognized that, in certain cases, the law may be "so clear and well established" that the moving litigant's position is simply untenable. *N.L.R.B. v. Lucy Ellen Candy Division*, 517 F.2d 551, 555 (7th Cir. 1975). We think that this case fits the latter mold.

"Finality" lies at the heart of appellate jurisdiction. *Carson v. American Brands, Inc., supra.* The appellant, however, makes only the most perfunctory attempt to demonstrate his compliance with that essential threshold requirement. His assertion that the district court's order is "final" is simply unsupported. Moreover, after the appellee raised the jurisdictional issue in his brief, the appellant made no attempt to respond. Rather, he continued to rely on his cryptic jurisdictional statement. Under these circumstances, we find the instant appeal frivolous.[7]

We thus turn to the second inquiry under Rule 38: whether the appeal is an appropriate one for the imposition of a sanction. This step reflects a concern for the underlying purposes of the rule. Damages and costs are awarded under Rule 38 "as a matter of justice to the appellee and as a penalty against the appellant." Fed.R. App.P. 38, Notes of Advisory Committee on Appellate Rules; see *Ruderer v. Fines*, 614 F.2d at 1132.

In this case, the appellee has incurred needless costs to protect his interests in this Court. Moreover, the appellant, ignoring a basic legal predicate, has imposed an unnecessary burden on this Court, and in so doing, has also infringed on the rights of legitimate litigants who are entitled to a prompt adjudication of their claims. See *Ruderer v. Fines*, 614 F.2d at 1132 ("The penalty aspect of the rule serves to vindicate public interests. . . ."). Thus we find that this is an appropriate case in which to impose sanctions under Rule 38.

In making that assessment in this case, however, we must also consider an additional factor. The specific problem in this appeal, disregard of the jurisdictional requirement, though attributable to the appellant, is in fact more a reflection of the incompetence or obstinancy of the appellant's attorney. See *Simon & Flynn, Inc. v. Time Incorporated, supra*, 513 F.2d at 835 ("Counsel must realize that the decision to appeal should be a considered one . . ., not a knee-jerk-reaction to every unfavorable ruling."). He must have known that the order was not final, yet he nevertheless took an unwarranted procedural step. See *Mancuso v. Indiana Harbor Belt Railroad, supra.* Both the Illinois Code of Profession-

---

**6.** Thus an appeal, though based on a questionable legal position, may not be deemed frivolous if, *inter alia* : the underlying litigation is complex or confusing, *National Acceptance Company of America v. Frigidmeats, Inc.*, 627 F.2d 764 (7th Cir. 1980); the appeal presents an issue of first impression, *Marquardt v. North American Can Corp.*, 652 F.2d 715 (7th Cir. 1981); or the appeal challenges a finding that is not "mandatory," *i.e.*, a credibility determination, *N.L.R.B. v. Lucy Ellen Candy Division*, 517 F.2d 551 (7th Cir. 1975).

**7.** This conclusion is consistent with our finding in *Mancuso v. Indiana Harbor Belt Railroad*, 586 F.2d 553 (7th Cir. 1978), that an appeal from an order to show cause why an attorney should not be suspended from the practice of law was frivolous. In that case, we found it "crystal clear" that the order was not final. It

also finds support in decisions of other circuits. In *Self v. Self*, 614 F.2d 1026 (5th Cir. 1980), the Fifth Circuit dismissed an appeal from a remand order for want of jurisdiction. The court found the appeal frivolous, noting that a "review of the applicable jurisprudence establishes, beyond pale, that this Court has no jurisdiction to entertain this appeal." *Id.* at 1028. Likewise, in *Good Hope Refineries, Inc. v. R. D. Brashear*, 588 F.2d 846 (1st Cir. 1978), the First Circuit found an appeal from an interlocutory order of a bankruptcy court, which clearly lacked "definitive operative finality," frivolous. Finally, it is reinforced by decisions that have found appeals in cases in which subject matter jurisdiction is clearly lacking to be frivolous. See *Cummings v. United States*, 648 F.2d 289 (5th Cir. 1981); *Simon & Flynn, Inc. v. Time Incorporated*, 513 F.2d 832 (2d Cir. 1975).

al Responsibility and the Model Code of Professional Responsibility explicitly caution that an attorney shall not "knowingly advance a claim ... that is unwarranted under existing law ... [unless] it can be supported by a good-faith argument...." Ill.Rev.Stat. ch. 110A, foll. ¶ 771, Rule 7–102(a)(2); Model Code of Professional Responsibility DR 7–102(A)(2) (1980). Here the attorney has offered no justification.

■ To impose damages and costs against the appellant in these circumstances, though justified, would not guarantee that this attorney will be directly affected nor that he will be deterred from repeating such a tactic in a future case. Thus we conclude that it would be more purposeful to assess the damages and costs arising from this appeal against the attorney personally pursuant to 28 U.S.C. § 1927.[8] See *Self v. Self, supra; Good Hope Refineries, Inc. v. R. D. Brashear, supra.*

Accordingly, we remand this case to the district court for a determination of the amount of damages and costs to be paid to the appellee, and direct that those expenses be assessed against the appellant's attorney.

---

8. Section 1927 provides: "Any attorney ... who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."