John **GILLES**, et al.,
**Plaintiffs-Appellants,**

v.

**BURTON CONSTRUCTION COMPANY,**
**an Illinois corporation,**
**Defendant-Appellee.**

**No. 83–2537.**

United States Court of Appeals,
Seventh Circuit.

Argued April 16, 1984.

Decided June 8, 1984.

William E. Hartnett, Law Ofce. of William E. Hartnett, Waukegan, Ill., James D. Lynch, Schaumburg, Ill., for plaintiffs-appellants.

Robert M. Klein, Dorfman, Cohen, Laner & Muchlin, Ltd., Chicago, Ill., for defendant-appellee.

Before WOOD, CUDAHY and COFFEY, Circuit Judges.

CUDAHY, Circuit Judge.

This appeal arises from an action brought by a multiemployer employee benefit fund and its trustees against an employer for delinquent contributions to the fund. The appeal presents questions involving appellate jurisdiction and the means of enforcing an employer's duty to contribute to such a fund, as well as a request for double costs and attorney's fees on appeal under Fed.R.App.P. 38. Plaintiffs are the Fringe Benefits Funds,

Brick and Stone Masons Local No. 20 of Lake County, and the trustees of the fund. Defendant is the Burton Construction Company, an employer which participates in the fund. Plaintiffs brought this action under section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132 (1976), as amended by sections of the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. §§ 1132(g) and 1145 (1982).

## I.

Plaintiffs filed suit in October 1982. The complaint sought to compel defendant to submit to an audit and to pay any delinquent contributions, as well as interest, a penalty, the costs of the audit and attorney's fees. *See* 29 U.S.C. § 1132(g)(2).

The subsequent actions of both parties must be understood in light of the relief provisions of section 1132. The dispute focuses on the provisions of section 1132(g). As originally enacted in 1974, section 1132(g) permitted the court in its discretion to award fees and costs to either party in an ERISA action.[1] Congress amended section 1132(g) in 1980 as part of the MPPAA, Pub.L. 96–364, 94 Stat. 1208. As amended, section 1132(g)(1) provides for discretionary fee and cost awards as before, except in actions brought to enforce an employer's obligation to contribute to a multiemployer plan. Section 1132(g)(2) then specifies the remedies available in actions, such as this one, brought to enforce an employer's duty to contribute to a multiemployer plan under 29 U.S.C. § 1145.[2] Section 1132(g)(2) provides in full:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in

---

**1.** As enacted in 1974, section 1132(g) read in full:

> In any action under this subchapter by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

**2.** Section 1145 was added to ERISA by the Multiemployer Pension Plan Amendments Act of

1980. Under this provision, an employer's contractual duty to contribute to a multi-employer plan becomes a statutory requirement, and the duty may be enforced in accordance with 29 U.S.C. § 1132(g)(2). The contractual duty may also be enforced under 29 U.S.C. § 185(a). *Bugher v. Feightner*, 722 F.2d 1356, 1358 (7th Cir.1983).

which a judgment in favor of the plan is awarded, the court shall award the plan—

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of—

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

For purposes of this case, the important aspect of this provision is that its stringent terms are mandatory in an action "in which a judgment in favor of the plan is awarded." The maneuvers of both sides in this case become comprehensible once it is recognized that a judgment in favor of the plan triggers the mandatory relief under section 1132(g)(2).

Shortly after receiving the summons in the case, counsel for defendant called plaintiffs' counsel and agreed to the requested audit. Defendant's counsel tells us that he agreed to the audit as part of an agreement under which plaintiffs would dismiss the complaint if either the audit showed nothing owing or the defendant promptly paid any amounts the audit showed to be owing. If the complaint had been dismissed, litigation costs could have been saved and the mandatory relief provisions of section 1132(g)(2) would not have been triggered.

An audit was conducted, and plaintiffs submitted to defendant a request for overdue contributions totalling (after corrections) $730.23, plus the cost of the audit and a 10% penalty for late payment. The plaintiffs also demanded that defendant pay their attorney's fees incurred in the action. The defendant tendered plaintiffs a check for $965.57, which covered the overdue contributions, the cost of the audit, and the 10% penalty. Defendant refused to pay any attorney's fees. The record indicates that the tendered check has not been negotiated.

Plaintiffs turned to the district court and asked it to enter judgment in their favor for the delinquent contributions and to award them attorney's fees in the action. The district court found that the motion for judgment was "groundless" because the defendant had tendered all amounts due except for the attorney's fees. Regarding the motion for fees, the court held a hearing on the question and determined that a reasonable fee for plaintiffs would be $600.00 covering the time their attorneys spent on the case prior to the time defendant agreed to pay the delinquent contributions. The court's order discussed the fee issue in terms of the discretionary fee provisions of section 1132(g)(1). The district court indicated that it believed the parties had "settled" all aspects of the case except for the attorney's fees.

Plaintiffs later filed a proposed judgment order under which the court would have entered judgment in favor of plaintiffs for $963.25 for the delinquent contributions and related items and would have entered judgment in favor of plaintiffs for $600.00 as attorney's fees. The district court declined to enter judgment in favor of plaintiffs for the delinquent contributions "because that matter was previously resolved by the parties without this Court's determination on the merits, and further because the parties have advised the Court that said amount has already been tendered by Defendant and received by Plaintiffs." Order of June 17, 1983. The court also declined to enter a new judgment for attorney's

fees because it had already entered an award of $600.00.

## II.

In this appeal, plaintiffs contend that the district court erred by refusing to enter judgment in their favor for the delinquent contributions and by refusing to award them additional attorney's fees under section 1132(g)(2).[3] The threshold issue here concerns our jurisdiction to hear this appeal. The Court of Appeals has jurisdiction over appeals from final judgments of the district courts. 28 U.S.C. § 1291. The question before us is whether the district court's refusal to enter judgment on the delinquent contributions and the district court's award of fees were final judgments.[4]

■ *Refusal to enter judgment:* While the concept of "finality" may often be slippery or elusive, this is not such a case. We have little difficulty in concluding that a refusal to enter judgment is not a final judgment. Indeed, we can imagine few instances in which the question of finality could be much clearer. The complaint is still pending in the district court, and that court has never considered the merits of the claim for delinquent contributions. The refusal to enter judgment did not put an end to the litigation on any issue or for any party.

At oral argument, when the question of appellate jurisdiction was raised, counsel for plaintiffs said that the district court thought the case had been concluded. He argued that he therefore could seek review only by appealing the refusal to enter judgment. However, if the district court is mistaken in its belief that the parties have settled the dispute,[5] the proper recourse for plaintiffs lies first in the district court, which may determine whether the parties settled the dispute and then may take the appropriate action.

■ *Attorney's fees:* The district court entered an order awarding plaintiffs $600.00 in attorney's fees under 29 U.S.C. § 1132(g)(1), the general, discretionary ERISA fee provision. The district court awarded fees only for the time spent by plaintiffs' attorneys before the parties "settled" the underlying dispute over the amount of delinquent contributions. Plaintiffs argue that they are entitled to a mandatory fee award under section 1132(g)(2) and that they are entitled to an award which includes the time they have spent litigating the fee award itself.

■ Because the complaint is still pending, and because the fee award is not separable from the merits of the case, the award is not a final order and is not appealable at this time. We recognize that there may be some situations in which fee awards are not related to the merits of the case, and such interlocutory awards may be final collateral orders subject to immediate appeal. *See, e.g., Trustees v. Greenough,* 105 U.S. 527, 531, 15 Otto 527, 26 L.Ed. 1157 (1881) (award of fees "was a collateral one, having a distinct and independent character"); *In re Yermakov,* 718 F.2d 1465, 1469 (9th Cir.1983) (bankruptcy court's fee award conclusively determined separable dispute); *Preston v. United States,* 284 F.2d 514, 515 n. 1 (9th Cir.1960) (fee petition ancillary to original action). However, where an interlocutory fee or expense award is not separable from the merits of the underlying claim, the award is not a final order. *See Ruiz v. Estelle,* 609 F.2d 118 (5th Cir.1980) (fee award for preliminary actions in prisoners' class action civil rights action held not appealable). That is the situation we face here, for ERISA fee awards depend in large part on the outcome of the underlying dispute.

---

**3.** Defendant filed a cross-appeal which was dismissed on defendant's motion.

**4.** Neither action of the district court falls within the terms of 28 U.S.C. § 1292 permitting some interlocutory appeals. Also, Fed.R.Civ.P. 54(b) does not apply here.

**5.** At oral argument, both parties agreed that the case had not been settled, and the check defendant tendered to plaintiffs appears to have been nothing more than an unaccepted offer of settlement.

*Leigh v. Engle,* 727 F.2d 113, 140 (7th Cir.1984). *See Kaiser Steel Corp. v. Mullins,* 455 U.S. 72, 89 n. 14, 102 S.Ct. 851, 862 n. 14, 70 L.Ed.2d 833 (1982). Meaningful review of ERISA fee awards therefore requires an *adjudication of the merits* of the underlying dispute. *See Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820, 826, 828–31 (7th Cir.1984) (reviewing both ERISA judgment on merits and fee order which did not specify amount). An award of fees prior to entry of judgment on the merits may be premature; in any event, it is interlocutory and nonappealable. The parties apparently do not disagree about the amount of the delinquent contributions which were the underlying cause of the litigation. But their agreement on that one issue cannot dispense with the need for an adjudication of the merits. We doubt that parties who have not yet agreed to dismiss the complaint have settled the case. If the parties cannot agree on the resolution of the case, then the district court will need to decide the issues and enter the appropriate judgment on the merits of the dispute.[6]

We hope that the case can be speedily resolved in the district court, but we must dismiss this appeal for lack of appellate jurisdiction.

### ·III.

■■■ Appellee has asked this court to award double costs and attorney's fees for this appeal under Fed.R.App.P. 38 on the grounds that the appeal is frivolous, without jurisdiction and based on incorrect legal arguments. Under Rule 38 this court may award double costs and fees for frivolous appeals. We must consider whether the appeal is frivolous and whether the award of costs and fees *as a sanction* is appropriate. *Reid v. United States,* 715 F.2d 1148, 1154–55 (7th Cir.1983); *Maneikis v. Jordan,* 678 F.2d 720, 722 (7th Cir.), *cert. denied,* 459 U.S. 990, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982). As we have noted, it is clear that this is an appeal of nonappealable orders, and appellants have made virtually no effort to justify their assertion that we have jurisdiction. The appeal is thus "frivolous" within the terms of· Rule 38. *See Maneikis v. Jordan, supra,* 678 F.2d at 722.

We are not persuaded, however, that the sanctions of Rule 38 are appropriate in this case. As we said in *Reid v. United States,* in determining whether sanctions are appropriate, courts have typically "looked for some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy." 715 F.2d at 1155. We do not find such indications here. The appellants have had nothing to gain by delay or the harassment of an appeal, and while their appeal is premature, their arguments on the merits of their ERISA claims are far from frivolous. We recognize that in *Maneikis v. Jordan, supra,* we assessed fees and costs against an attorney who had appealed an obviously unappealable order, and this case presents a similar problem. In this case, however, the question of final-

---

**6.** If plaintiffs are entitled to judgment on the delinquent contributions, section 1132(g)(2) spells out very clearly the relief to which plaintiffs would be entitled. However, we also note that section 1132(g)(2)(D) calls for *reasonable* attorney's fees, and the judgment as to what would be reasonable is a question for the district court in the exercise of its sound discretion. While the court should not permit section 1132(g)(2) to be used as a tool to harass the employer, the court should also be sure to enforce the mandatory relief provisions when plaintiffs are entitled to recover delinquent contributions. In enacting these provisions of the MPPAA, Congress made quite evident its intention to discourage delinquency and to permit plans to recover their collection costs. *Central*

*States, Southeast and Southwest Areas Pension Fund v. Alco Express Co.,* 522 F.Supp. 919, 925–28 (E.D.Mich.1981) (reviewing legislative history).

After suit is filed, we doubt that employers who are delinquent in their contributions can avoid the mandatory relief provisions of section 1132(g)(2) through the device of offering to pay only the overdue contributions. A settlement will require the agreement of the parties on the entire case—not merely part of the case. *See generally Central States, Southeast and Southwest Areas Pension and Health and Welfare Funds v. C.J. Rogers Transportation Co.,* 544 F.Supp. 308 (E.D.Mich.1982) (deciding interest, penalties and fees after parties agreed on amount of delinquent contributions).

ity arises on the basis of a quite confusing record, and it is clear that appellants were not solely responsible for the confusion. Under these circumstances, appellants' actions do not warrant sanctions under Rule 38. *See National Acceptance Co. v. Frigidmeats, Inc.,* 627 F.2d 764, 766 (7th Cir. 1980). *Cf. Merit Insurance Co. v. Leatherby Insurance Co.,* No. 84–1427 (7th Cir. May 4, 1984) (attempt to relitigate issues of earlier appeal); *Reid v. United States, supra,* 715 F.2d at 1154–55 (duplicative litigation for purposes of harassment); *Ruderer v. Fines,* 614 F.2d 1128 (7th Cir.1980) (repeated litigation without foundation and for purposes of harassment). However, in case the point was not obvious before, we are now explicitly serving notice that appellants should be prepared in every appeal to show why this court has appellate jurisdiction.[7]

The appeal is therefore dismissed.

---

7. We also deny appellants' motion for leave to file a supplemental brief. The brief submitted addresses arguments which were raised in appellee's original brief, and appellants had ample opportunity to address those arguments before the case was submitted.