## Solomon & Teslovich, Inc. v. Travelers Indemnity Company

*John M. Purcell,* for plaintiff.
*Martin A. Keyser,* for defendant.

FRANKS, *J.,* January 25, 1985—Petitioner in this matter, Solomon & Teslovich, Inc., (hereinafter S & T) is seeking to have this court strike and/or open judgment and to enjoin execution of a judgment entered by respondent, the Travelers Indemnity Company (hereinafter Travelers) in the Court of Common Pleas of Fayette County. Travelers has entered this judgment pursuant to an order issued by the Honorable Edward Dumbauld of the United

States District Court for the Western District of Pennsylvania granting it summary judgment. S & T alleges that the district court's order is not final within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure and hence, is not enforceable in Fayette County. We agree.

The original action in this case was filed by Travelers in the United States District Court for the Western District of Pennsylvania on November 17, 1981. On May 6, 1982, S & T filed a third party complaint against Baily Insurance Agency, Inc. This third party complaint was answered on June 16, 1982.

On May 3, 1983, Travelers filed a motion for summary judgment which was granted by Judge Dumbauld by order of June 26, 1984. Subsequently, S & T attempted to file a notice of appeal in regards to the summary judgment order.

After the appeal was docketed in the Federal Appeals Court, two jurisdictional defects were raised by the clerk of that court. After determining that these jurisdictional defects were "fatal" to its appeal, S & T filed a motion for voluntary dismissal. The Federal Appeals Court by its clerk entered an order dismissing the appeal with prejudice.

During these appellate proceedings, Travelers sought to enforce the summary judgment. On July 5, 1984, the summary judgment of the district court was entered in the Prothonotary office of the Court of Common Pleas of Fayette County at the above styled number. Subsequently, on October 26, 1984, a writ of execution was issued against certain bank accounts of S & T.

S & T now requests that we strike and/or open the judgment entered by Travelers and to enjoin the execution thereof. The seminal issue presented to us

by this case is whether or not the summary judgment order issued by the district court is final as defined by the Federal Rules of Civil Procedure.

Fed.R.Civ.P. 54(b) dictates the procedure by which district courts may enter final judgment to fewer than all the claims or parties in cases involving multiple claims or parties. In order to enter final judgment under Rule 54(b), the district court must make an express determination that there is no just reason for delay and must make an express direction for the entry of judgment. Absent these two actions, any order adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties in a suit is not a final judgment under 28 U.S.C. §1291 regardless of how that order is styled. Maneikis v. Jordan, 678 F.2d 720 (7th circ. 1982); McLaughlin v. City of LaGrange, 662 F.2d 1385 (11th circ. 1981). Compliance with Rule 54(b) is necessary to insure that the district court is exercising its discretion in determining, according to the interests of sound judicial administration, the appropriate time for appeal of orders in multi-party or multi-claim actions. Curtiss-Wright Corp. v. General Electric Co., 466 U.S. 1, 100 S.Ct. 1460, 64 L.Ed. 2d 1 (1980).

Our review of the record reveals that the district court failed to enter a Rule 54(b) certification determining that there was no just reason for delay in directing the entry of judgment pursuant to the order of June 26, 1984. . . . "[T]he District Court must exercise its discretion and enter a Rule 54(b) certification before an appeal may be taken." In Re: Yarn Processing Patent Validity Litigation, 680 F.2d 1338 (11th circ. 1982). With no certification the order of June 26, 1984, is not an appealable final judgment.

• • •

Travelers may seek to finalize the district court's order by requesting the Rule 54(b) certification.

However, this will reinstitute the appeal process through the Third Circuit Court of Appeals. Travelers insists that the court of appeals' dismissal of the original appeal "with prejudice" ends all possible appeal in this matter. We disagree. An attempt to appeal a non final decision of a district court remains just that, an attempt. The attempt is a nullity and does not divest the trial court of its jurisdiction. Century Laminating, Ltd. v. Montgomery, 595 F.2d 563 (10th circ. 1979). This being the case, it is quite conceivable that the federal appellate court's dismissal with prejudice was only issued because of the premature appeal. Once the district court's order is prefected and final, it is possible that the court of appeals will hear the matter.

Being that the journey of the district court's order is far from over, we cannot permit judgment to be entered or executed upon in Fayette County. Accordingly, we grant S & T's petition, and hereby strike the judgment entered by Travelers and enjoin its execution.