**John E. SPARKS, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD; Salem Gravure Division of World Color Press; and Graphic Communications International Union, Local 554, AFL–CIO, Respondents.**

No. 87–2617.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 17, 1987.

Decided Dec. 10, 1987.

Sharon A. Knapp, Carr, Korein, Schlichter, Kunin & Montroy, St. Louis, Ill., for petitioner.

Thomas D. Allison, Cotton, Watt, Jones & King, Chicago, Ill. (Michael H. Slutsky, of counsel), Eric G. Moskowitz, N.L.R.B., Washington, D.C. (Diane Rosse, of counsel), James P. Mannion, Jr., Bryan Cave McPheeters & McRoberts (Sabrina M. Wrenn, of counsel), St. Louis, Mo., for respondents.

Before POSNER, COFFEY, and FLAUM, Circuit Judges.

POSNER, Circuit Judge.

The General Counsel of the National Labor Relations Board decided not to file an unfair labor practice complaint on behalf of John Sparks, who had been fired by his employer, and Sparks filed a petition with this court to review that decision, naming his employer, his union, and the Board as respondents. Now Sparks asks for a voluntary dismissal of the petition. Both his employer and his union want us to condition dismissal on Sparks' agreeing to pay the expense of defending against what these respondents correctly contend is a frivolous petition for review. See Fed.R. App.P. 42(b).

■ Overwhelming case authority establishes that a decision by the General Counsel of the Labor Board not to file an unfair labor practices complaint is not judicially reviewable. See, e.g., *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 138–39, 95 S.Ct. 1504, 1510–11, 44 L.Ed.2d 29 (1975). The motion for voluntary dismissal was filed when Sparks' counsel discovered this. Before then she had been proceeding in reliance on the language of the statute, 29 U.S.C. § 160(f), authorizing judicial review of decisions by the Board. Read literally, the statute does not exempt decisions by the General Counsel (which formally are decisions by the Board, although the General Counsel is by statute independent from the Board's control) from judicial review. But when a statute has been judicially construed, it is the statute *as construed*, not the statute as it might have been construed as an original matter, which is "the law," for purposes of deciding whether an appeal or petition for review or other pleading has a colorable legal basis. This conclusion, although not clearly stated in any previous decision that has come to our attention, is implicit in the requirement of Rule 11 of the Federal

Rules of Civil Procedure that no pleading be filed unless the person who signs it has a "belief formed after reasonable inquiry [that] it is ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law...." See *Brown v. Neely*, 830 F.2d 1429, 1435–36 (7th Cir.1987) (Rule 11 requires attorney to make "reasonable inquiry into the law"). It is implicit in our recent decision holding that sanctions are proper where controlling case authority has narrowed the generalities of section 1 of the Fourteenth Amendment. See *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1080–81 (7th Cir.1987). A lawyer is no more entitled to file a pleading without doing any research on the construction of the statute on which the pleading is based than to file a pleading without having conducted a sufficient factual investigation to know whether it is potentially meritorious.

Although Rule 11 is not applicable as such to pleadings filed in this court, in interpreting Rule 38 of the Federal Rules of Appellate Procedure, which authorizes sanctions for frivolous appeals, we look to the principles that have evolved in the interpretation of Rule 11. See, e.g., *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1200 (7th Cir.1987); *Thornton v. Wahl*, 787 F.2d 1151 (7th Cir.1986).

A lawyer does not expose himself to sanctions merely by failing to dig up some obscure precedent. Cf. *FDIC v. Elefant*, 790 F.2d 661, 667 (7th Cir.1986). But the petitioner's counsel is a specialist in labor law; and the principle that the decision by the General Counsel of the Labor Board not to file an unfair labor practices complaint is not judicially reviewable is a bedrock principle of labor law. That it is a principle established by precedent rather than by statutory language is immaterial, provided that the precedents are authoritative and accessible—which recent decisions by the Supreme Court, squarely on point, are.

The determination that an appeal (or, what amounts to the same thing, a petition to review the decision of an administrative agency) is frivolous is not the end of the inquiry, for we have discretion to withhold an award of sanctions if the circumstances indicate that they would be inappropriate. See, e.g., *Gilles v. Burton Construction Co.*, 736 F.2d 1142, 1146–47 (7th Cir.1984). But here the respondents have been put to needless expense because of an elementary lapse by the petitioner's lawyer; in these circumstances sanctions are indicated, and we direct the lawyer to pay the respondents' expenses out of her own pocket, without reimbursement by her client. See *Hill v. Norfolk & Western Ry., supra*, 814 F.2d at 1201.

The amount of sanctions presents a distinct question. We emphasized in *Brown v. Neely, supra*, at 1439–40, that equitable considerations may well warrant an award of less than the full sanctions sought. But whether the respondents in this case should receive less than their actual expenses in defending against the petition for review is a premature question, since we don't know yet what those expenses are. Presumably they are small, since the petitioner's error was patent. And of course the respondents are entitled to no more than their reasonable expenses.

The respondents shall submit to the clerk of this court within 15 days a verified statement of their reasonable expenses in defending against the petition for review and (in the case of the employer and the union) in preparing the requests for sanctions. The petitioner's counsel may then reply if she wishes. The motion to dismiss the petition is granted, with prejudice.

PETITION DISMISSED, WITH SANCTIONS.