Ronald E. STONE, as Agent for: the Structural Iron Workers Local No. 1 Welfare Fund; the Structural Iron Workers Local No. 1 Pension Trust Fund; the Joint Apprenticeship Training; the Mid–America Pension Fund; the Associated Steel Erectors Industry Promotion Fund; the NIA Training & Journeymen Upgrading Fund; the Institute of the Ironworking Industry; the Annuity Account, Plaintiff,

v.

CHICAGO BUILDERS AND ERECTORS, INC., Defendant.

No. 89 C 2041.

United States District Court, N.D. Illinois, E.D.

May 3, 1991.

Karen I. Engelhardt, S. Leslie Kleiman, Jacobs, Burns, Sugarman & Orlove, Chicago, Ill., for plaintiff Ronald E. Stone.

Maurice Albin, Sigel, Albin, Landau & Rubin, Chicago, Ill., for defendant Chicago Builders and Erectors, Inc.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

### I. INTRODUCTION

Plaintiff Ronald E. Stone ("Stone") has moved, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for post-judg-

ment relief in the form of additional attorneys' fees and costs incurred in the post-judgment collection process. On March 29, 1990, this Court granted plaintiff's motion for summary judgment against defendant Chicago Builders and Erectors, Inc. ("Chicago Builders") in the amount of $21,476.49. *See Stone v. Chicago Builders and Erectors, Inc.*, 1990 WL 43326, 1990 U.S.Dist. LEXIS 3620 (N.D.Ill. Mar. 29, 1990). This amount represented amounts owed to plaintiff by defendant pursuant to the Employee Retirement Income Security Act of 1974 (ERISA).[1] In the current motion for post-judgment relief, plaintiff contends that he has incurred additional attorneys' fees of $2,483.00 in attempting to collect the judgment, as well as court costs in the amount of $74.00.[2] Defendant responds that the additional fees and costs are unwarranted because defendant has satisfied the judgment through payments made to plaintiff on April 10 and April 13, 1990. Accordingly, Chicago Builders requests that the judgment be deemed satisfied and that all further proceedings in the case be dismissed. Stone replies that the April 1990 payments did not satisfy the judgment but were instead payments pursuant to defendant's ongoing obligation to make fund contributions. Plaintiff contends that as of November 1990, $17,179.53 remained due under the Court's March 29, 1990 judgment.[3] For the reasons set forth below, the Court agrees that the judgment has not been satisfied and that plaintiff is entitled to its additional fees and costs.

### II. ANALYSIS

Plaintiff brings the present motion pursuant to Rule 60(b) of the Federal Rules of

---

1. The amount of the judgment entered by the Court was not disputed by Chicago Builders. The Court explained in its earlier opinion that the judgment "represented $45,895.27 for delinquent contributions, $6,884.29 for liquidated damages of 15 percent, a balance of $2,344.64 previously due, $1,920.00 for attorneys fees and costs, and a credit of $35,567.71 for prior payments made by the defendant." *Stone*, 1990 WL 43326, at *1 n. 1, 1990 U.S.Dist. LEXIS 3620, at *2 n. 1.

2. Plaintiff's attorney has submitted an affidavit which sets forth the time expended in attempting to collect the judgment. She represents that her office spent a total of 19.10 hours on the collection issue and that $130.00 per hour represents a reasonable rate for work of this kind. (Aff. of Karen I. Engelhardt, at ¶¶ 2–3.) Defendant has not contested the number of hours or hourly rate proposed by plaintiff.

3. The Court would note that neither plaintiff nor defendant has provided any legal authority for their respective positions. This is in direct contravention of the Court's October 25, 1990 minute order which set a briefing schedule on plaintiff's motion. That order expressly directed that the parties' briefs include citations to appropriate authorities.

Civil Procedure. Plaintiff also relies on 29 U.S.C. § 1132(g)(2)(D) of the ERISA statute, which provides that the Court shall award "reasonable attorney's fees and costs of the action" to be paid by the defendant in every action "in which a judgment in favor of the plan is awarded." That subsection also permits the Court to award "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). Chicago Builders recognizes its obligation to pay attorneys' fees pursuant Section 1132. Attorneys' fees were a part of the Court's March 29 judgment, and in now contending that that judgment has been satisfied, defendant suggests that what it terms an over-payment on the judgment of $2,062.62 "be allowed as plaintiff's additional attorneys' fees" at this time. (Chicago Builders' Mem., at 3.) The real question before the Court, therefore, is not so much whether plaintiff is entitled to additional attorneys' fees but whether the March 29 judgment has been satisfied. If the judgment has not been satisfied, then there seems to be no real dispute that additional fees should be awarded.

The Court's judgment plainly established that defendant is obligated to make monthly contributions to the funds for which plaintiff is trustee. However, delinquencies in defendant's contributions which occurred after January 1990 were not included in the Court's March 29 judgment. Plaintiff submits that when the April 1990 payments were made, defendant was delinquent as to both its February and March contributions. Because Chicago Builders did not specify that the checks were intended to satisfy the judgment, as opposed to its ongoing contribution obligation, plaintiff applied the amounts paid to the February and March delinquencies. (See Stone Reply Mem., at 3.) Chicago Builders response is that " '[w]here neither debtor nor creditor directs application of a payment, the Court will apply it as justice and equity may require.' " (Chicago Builders Mem., at 2 (quoting 29 Illinois Law and Practice § 23).) By this, defendant seems to suggest that justice and equity should cause the Court to deem the judgment satisfied

because the amounts of the two checks correspond to contributions owed for months covered by the judgment. The Court cannot agree. Instead, the Court finds that "justice and equity" would best be served by applying the April payments to satisfy defendant's ongoing obligation to make fund contributions. Otherwise, plaintiff would be required to file a separate lawsuit to collect subsequent contributions that clearly are due and owing. Justice and equity would not support such a result.

The Court's conclusion also finds support in the legislative history of the ERISA statute, as well as in the case law. The Seventh Circuit has stated that in amending the ERISA statute in 1980, "Congress made quite evident its intention to discourage delinquency and to permit plans to recover their collection costs." *Gilles v. Burton Construction Co.*, 736 F.2d 1142, 1146 n. 6 (7th Cir.1984); *see also Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148, 1156 (7th Cir.1989) (structure of 1980 amendments to ERISA "is pay-now-argue-later"); *Bennett v. Machined Metals Co.*, 591 F.Supp. 600, 604 (E.D.Pa.1984) (1980 amendments to ERISA reflect "Congress' concern over costs incurred by multiemployer plans, such as lost revenue and collection and litigation expenses, as a result of employer delinquencies."); *Central States Southeast and Southwest Area Pension Fund v. Alco Express Co.*, 522 F.Supp. 919, 925–28 (E.D. Mich.1981) (reviewing legislative history of 1980 amendments). Courts have even required that employers pay interest and attorneys' fees in delinquent contribution actions when the employer has made the contribution prior to the entry of judgment. *See Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Construction Co.*, 767 F.2d 1170 (6th Cir. 1985). The expansive reading given ERISA's fee provision by the above courts supports the Court's conclusion that the judgment has not been satisfied and that additional fees should be awarded.

When Chicago Builders made two payments in April 1990, it was well aware of

its ongoing responsibility to make monthly contributions. At the time, defendant was delinquent on those responsibilities for February and March 1990. Because defendant did not specifically delineate that the April payments be applied to satisfy the Court's judgment, it cannot complain when those payments were applied to its ongoing contribution obligations. Plaintiff should not be required to file a second lawsuit to collect contributions that obviously are due and owing. Therefore, the Court finds that its March 29, 1990 judgment was not satisfied by the April payments. Accordingly, plaintiff is entitled to the additional award of attorneys' fees and costs expended in the collection process. Because Chicago Builders has not contested the amount requested by plaintiff, and in fact has offered that an "overpayment" in a slightly lesser amount be allowed as additional attorneys' fees, the Court will award the $2,557.00 in fees and costs requested by plaintiff.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for additional attorneys' fees and costs is granted. The Court's March 29, 1990 judgment is modified to include an additional award of attorneys' fees and costs in the amount of $2557.00.