**Patricia S. FULTZ, Plaintiff–Appellant,**

**James R. Fultz, Plaintiff,**

v.

**ALTERNATIVE RETAIL CONCEPTS, INC., Defendant–Appellee.**

No. 99–6393.

United States Court of Appeals, Sixth Circuit.

Jan. 16, 2001.

Before MERRITT and COLE, Circuit Judges, and HOOD,* District Judge.

### ORDER

COLE, Circuit Judge.

This Title VII employment discrimination case involving Plaintiff–Appellant Patricia Fultz ("Plaintiff") and her employer, Defendant–Appellee Alternative Retail Concepts, Inc. ("Defendant"), was set for trial on September 22, 1999. On September 8, 1999, Plaintiff's counsel wrote Defendant's counsel a letter and offered to settle all claims pending against Defendant for $16,750. Neither party disputes that this payment was to result in a release of all claims against Defendant, including claims for attorneys' fees. The next day, Defendant's counsel conveyed by letter to Plaintiff's counsel a counteroffer to settle the matter for a total of $12,000, payable in four installments. This offer was conditioned upon Plaintiff's attorneys' fees. On September 10, at approximately 11:00 a.m., Plaintiff's counsel orally notified Defendant's counsel that Plaintiff had rejected Defendant's $12,000 counteroffer. Later that afternoon, at approximately 2:00 p.m., Defendant's counsel informed Plaintiff's counsel by telephone that Defendant would pay Plaintiff the $16,750 sought in her original demand, provided it was permitted to make the payment in five installments. Plaintiff rejected the offer.

The following day, on Saturday, September 11, Defendant's counsel prepared an Offer of Judgment in the amount of $16,750 and hand-delivered it to the office of Plaintiff's counsel. The Offer of Judgment had the following terms:

1. This Offer of Judgment is being made by ARC to plaintiff Patricia Fultz only.
2. ARC offers to allow judgment to be taken against it in the amount of Sixteen Thousand, Seven Hundred Fifty and no/100ths Dollars ($16,-750), with costs then accrued.
3. Acceptance of this Offer of Judgment shall discharge all of plaintiff's claims which are the subject matter of this litigation between the parties.

Plaintiff's counsel received the offer at 5:30 p.m. on September 11, and interpreted "costs then accrued" to mean that Defendant had agreed to pay $16,750, in addition to Plaintiff's attorneys' fees and costs. Plaintiff accepted the offer. Plaintiff's counsel prepared a Notice of Acceptance and a proposed Judgment on Accepted Offer, which she file stamped and placed in the court's night depository. She also mailed a copy of the Notice of Acceptance to Defendant. The following day, on Monday, September 13, 1999, Defendant's counsel, who had not yet received Plaintiff's acceptance of the offer, concluded that the Offer of Judgment was ambiguous as to whether costs were included in the total payment of $16,750 and faxed Plaintiff's counsel a letter at 1:00 p.m. advising her that the $16,750 offer was inclusive of costs, attorneys' fees, interest, and any other claims Plaintiff might have against Defendant. At 4:00 p.m. on September 13, Defendant's counsel received a packet from Plaintiff's counsel, which contained a

---

* The Honorable Joseph M. Hood, United States District Court for the Eastern District of Kentucky, sitting by designation.

two-page letter acknowledging receipt by Plaintiff's counsel of defense counsel's letter clarifying the terms of the Offer of Judgment. The letter also stated that Plaintiff's counsel believed that the Offer of Judgment allowed Plaintiff to seek attorneys' fees and costs *in addition to* the total payment of $16,750. Also contained within the packet were an Acceptance of Offer of Judgment and a Proposed Judgment on Accepted Offer, which Plaintiff had filed with the court the previous day.

Defendant then filed a motion requesting that the district court withhold entry of offer of judgment because the parties had not reached a "meeting of the minds" with respect to whether attorneys' fees were intended to be included in the Offer of Judgment. Plaintiff opposed the motion and claimed that the Offer of Judgment was clear, and accordingly, as a matter of law, Defendant was liable for $16,750, in addition to all costs incurred by Defendant, including attorneys' fees. The district court granted Defendant's motion, finding that the Offer of Judgment on its face was "ambiguous with respect to whether attorneys fees were to be paid by the defendant" and that "with," of the phrase "with costs then accrued," could be interpreted to mean "including" or "plus." Finding no mutual assent by the parties to the terms of the agreement, the district court voided the Offer of Judgment and reset the matter for trial. Before this Court is Plaintiff's appeal of the district court's decision.

## DISCUSSION

■ Defendant seeks to dismiss the present appeal for lack of jurisdiction, arguing that the district court's order was not a final, appealable decision as required by 28 U.S.C. § 1291.[1] Plaintiff urges three independent jurisdictional bases: (1) the district court's order is analogous to a Rule 60(b) order, which is immediately appealable; (2) there is marginal finality, which allows for appellate review of the district court's order; and (3) the district court acted beyond the scope of its authority, thus conferring jurisdiction on this Court to review its order.[2] Plaintiff's arguments are without merit.

## I.

Plaintiff argues that Rule 68 is clear: "[i]f within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment." Fed.R.Civ.P. 68. Thus, as a

---

1. 28 U.S.C. § 1291 provides that: "[t]he courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where direct review may be had in the Supreme Court." 28 U.S.C. § 1291 (1994).

2. As a threshold matter, we have previously determined that a district court's denial of a motion for entry of judgment is not a final appealable order, but is "an interlocutory order which may not be reviewed on appeal until a final judgment has been entered in the case." *Airstream Trailers, Inc. v. Cayo*, 284 F.2d 455, 456 (6th Cir.1960); *accord Gilles v.*

*Burton Constr., Co.*, 736 F.2d 1142, 1145 (7th Cir.1984) ("[A] refusal to enter judgment is not a final judgment."). In *Cayo*, the parties reached a pre-trial settlement, only to have that settlement fall apart when one of the parties breached one of the provisions of the settlement, and the adverse party, in turn, objected to entry of judgment by the district court. The district court refused to enter judgment, and, on appeal, we dismissed for lack of jurisdiction, because there was no final appealable order at issue in the case. Although *Cayo* is dispositive of this motion, we will nevertheless address the three jurisdictional bases set forth by Plaintiff.

matter of law, the district court had no alternative but to enter the required judgment. After such entry, the district court could have availed itself of Rule 60(b) to set aside the judgment, which would have been immediately appealable. *See Mallory v. Eyrich,* 922 F.2d 1273, 1277 (6th Cir.1991) ("The law is settled that a ruling on a Rule 60(b) motion may be appealed under Fed.R.App.P. 4(a)."). It did not. Thus, Plaintiff concludes, the district court's " 'withholding entry' of the judgment—which it did not have the power to do as explained in *Mallory*—was analogous to a Rule 60(b) decision .... [and] [s]uch a decision, as a matter of law per the *Mallory* case, is immediately appealable."

Plaintiff's reliance on *Mallory,* however, is misplaced. The *Mallory* panel never had before it the question of whether a Rule 68 judgment is, like a Rule 60(b) motion, immediately appealable. *See* 922 F.2d at 1277 ("[T]he issue is not whether the Rule 68 judgment is appealable—no one sought to appeal it—but whether the order entered pursuant to rule 60(b)(6) setting aside the judgment is appealable."). Moreover, although Plaintiff is correct that *Mallory* also stands for the proposition that "[a] second distinct feature of Rule 68 is the lack of discretion that it leaves the district court judge in its implementation," *id.* at 1278, we made clear that the district court's discretion is removed *only* "once the parties agree on the terms of a Rule 68 judgment." *Id.* at 1279. In the instant case, the parties never agreed on a material term of the Offer of Judgment, and thus, the district court still retained discretion to accept or reject the proposed offer.

## II.

■ Defendant next relies upon the so-called *Gillespie* doctrine (also referred to as "the doctrine of marginal finality") to

argue that "even assuming a Rule 68 judgment does not satisfy the finality requirements of 28 U.S.C. § 1291, when a party has obtained relief from such a judgment pursuant to Rule 60(b), we have jurisdiction to review the order granting such relief under the Supreme Court's *Gillespie* doctrine." *Mallory,* 922 F.2d at 1279 (internal quotation marks omitted). The *Gillespie* doctrine allows for appellate review of an otherwise non-appealable judgment where the inconvenience and costs of "piecemeal review" are outweighed by the danger of denying justice by delay, and where the predicate issue is "fundamental to the further conduct of the case." *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 153–54, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). Plaintiff argues both that this Court's dismissal of the instant action for lack of jurisdiction would only "prolong the litigation and the expense of same when a litigation-ending Offer of Judgment was the issue on appeal," and that the questions before this Court on appeal are "fundamental to the outcome of the case." Plaintiff's Response at 9.

■ Plaintiff's argument must fail. First, the continued validity of *Gillespie* has been called into question by the Supreme Court. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 477 n. 30, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) ("If *Gillespie* were extended beyond the unique facts of that case, § 1291 would be stripped of all significance."). Second, resolution of this appeal is not "fundamental to the further conduct of the case, " as is required by *Gillespie,* 379 U.S. at 154. The district court's order did not affect the merits of the underlying action and merely returned the parties to the status quo, the case will merely proceed to trial, as the parties anticipated before the instant controversy developed. Third, Plaintiff's argument that, if we dismiss the instant appeal for

lack of jurisdiction, she will incur additional costs by engaging in a trial, amounts to nothing more than a claim that she has a right to prevail without first standing trial. Such an argument, if accepted, would allow a party to appeal immediately any adverse pre-trial ruling or any refusal to enforce a settlement agreement, which has been expressly rejected by the Supreme Court. *See Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) ("[W]e have held that § 1291 requires courts of appeals to view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye."). Finally, there is little difference between a refusal to enforce a Rule 68 judgment and a refusal to enforce a settlement agreement, the latter having been held *not* to be a final decision within the meaning of § 1291. *See Cayo*, 284 F.2d at 456.

### III

In what is merely a variation of Plaintiff's first argument, Plaintiff contends that because "the District Court did something that it simply did not have the power to do: It refused to enter a Rule 68 judgment," review of the district court's order is appealable under the common-law exception to the final-judgment rule. Plaintiff's Response at 10; *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir.1990). As already noted, the district court was not compelled to enter Defendant's Offer of Judgment where the parties had not agreed upon the terms of the agreement. Its finding that there was no "meeting of the minds" permitted it to withhold entry of judgment. Thus, it cannot be said that

the district court acted in excess of its authority.[3]

### IV.

Upon consideration of Defendant's motion to dismiss for lack of jurisdiction and the response in opposition thereto, having been referred to the hearing panel,

it is ORDERED that the motion be and it hereby is GRANTED and this appeal is dismissed for lack of jurisdiction.

---

**3.** Although Plaintiff has not formally sought a writ of mandamus from this Court, she has suggested that she would be inclined to do so to "confine the lower court to its lawful jurisdiction where there was a clear abuse of discretion." Plaintiff's Response at 12. Such a remedy, however, has been limited to the most extraordinary of situations and only where the petitioner demonstrates that "its right to issuance ... is clear and indisputable." *In re Bendectin Prod. Liab. Littig.*, 749 F.2d 300, 303 (6th Cir.1984). Plaintiff has failed to make such a showing.