IRON WORKERS' LOCAL NO. 25 PEN-
SION FUND; Iron Workers' Local Un-
ion No. 25 Individual Account Retire-
ment Fund; Iron Workers' Health Fund
of Eastern Michigan; Iron Workers Lo-
cal No. 25 Vacation Pay Fund; and Iron
Workers' Apprenticeship Fund of East-
ern Michigan, Plaintiffs,

v.

NYEHOLT STEEL, INC., Defendant.

Civil Action No. 95–40415.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 26, 1996.

Timothy J. Ryan, Miller, Johnson, Snell & Cummiskey, Grand Rapids, MI, for Defendant.

Michael J. Asher, Sullivan, Ward, Bone, Tyler &. Asher, P.C., Southfield, MI, for Plaintiffs.

## MEMORANDUM OPINION & ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiffs, Iron Workers' Local No. 25 Pension Fund, Iron Workers' Local Union No. 25 Individual Account Retirement Fund, Iron Workers' Health Fund of Eastern Michigan, Iron Workers' Local No. 25 Vacation Pay Fund, and Iron Workers' Apprenticeship Fund of Eastern Michigan (collectively the "Trust Funds") filed this action against de-

1. The CBA provides, "[m]onthly contributions to all such Funds are payable and must be received by the bank depository on the 26th day of the month following the month in which the hours are worked and shall be combined and remitted in one check made payable to the 'Iron Workers' Fringe Benefit Funds of Eastern Michigan.' "

2. The Trust Funds are administered by a Joint Board of Trustees.

3. The CBA provides, that the administrators "shall have the right to enter upon the premises of [Nyeholt] to perform an audit and have access to such of [Nyeholt's] records as may be necessary to permit the [administrators] to determine

fendant Nyeholt Steel, Inc. ("Nyeholt") on November 16, 1995 pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132; 1145. On September 30, 1996, Nyeholt filed a motion for summary judgment. Pursuant to Local Rule 7.1(e)(2), this court has dispensed with oral argument and will decide the present motion based on the written submissions of the parties. For the following reasons, this court denies Nyeholt's motion.

### FACTS

On June 1, 1989, The Associated General Contractors of America, Detroit Chapter, Inc., the Great Lakes Fabricators and Erectors Association, the Michigan Conveyor Manufacturers Association, Inc. and Local Union No. 25 of the International Association of Bridge, Structural, and Ornamental Iron Workers (an affiliate of the AFL–CIO) entered into a collective bargaining agreement ("CBA") establishing plaintiff Trust Funds. Defendant Nyeholt was a signatory to the CBA. The CBA requires Nyeholt to make monthly contributions to the Trust Funds [1] and grants the Trust Funds' administrators [2] the right to audit Nyeholt in order to ensure compliance.[3]

The Trust Funds brought this action on November 16, 1995, alleging that Nyeholt breached its contractual obligations under the CBA by prohibiting a thorough audit of Nyeholt's pertinent books and records and refusing to pay fringe benefit contributions. Subsequent to the filing of the Trust Funds Complaint, Nyeholt agreed to allow an audit, which was completed on September 5, 1996.[4]

whether [Nyeholt] is complying fully with the provisions of this Agreement regarding [Nyeholt's] contributions."

4. Nyeholt submitted an affidavit of Roselyn Nyeholt wherein she avers that after the Trust Funds served a Summons and Complaint upon Nyeholt, Nyeholt agreed to allow the audit. She avows that said audit was scheduled to occur on August 26, 1996, but was postponed at the Trust Funds request until September 5, 1996. Nyeholt further proclaims that an audit was conducted by Stefansky and Holloway, Inc., on January 16, 1996, *prior* to the filing of this action.

Proceeding the completion of the audit, Nyeholt filed the instant motion for summary judgment on September 30, 1996, arguing that this action should be dismissed for two reasons. Nyeholt's first contention is that the Trust Funds have brought a single charge of malfeasance against Nyeholt in their Complaint, to wit, Nyeholt's refusal to permit an audit. As the audit allegedly has been agreed to and performed, Nyeholt maintains that this action must be dismissed. Second, Nyeholt argues that this case is not ripe for adjudication.

## ANALYSIS

### 1. Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (citation omitted). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). This burden "may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

### 2. The Complaint Includes A Claim for Delinquent Contributions

■ Nyeholt's first ground for summary judgment is that it has authorized an audit, and thus satisfied the *sole* claim for relief set forth in the Trust Funds Complaint. In response, the Trust Funds protest Nyeholt's characterization of their Complaint. The Trust Funds insist that their Complaint not only petitions for an audit, but also requests payment of any delinquent fringe benefit contributions revealed by said audit. The Trust Funds deem Nyeholt's current motion to be completely unwarranted.

In support of its position, the Trust Funds direct attention to numerous paragraphs on the Complaint. Paragraph 9 of the Complaint reads, "That Plaintiffs are entitled as a matter of law to *enforce collection of such delinquent fringe benefits* pursuant to 29

U.S.C. Sections 1132(G)(2)[5] and 1145."[6] Paragraph 11 maintains that "Nyeholt Steel has attempted to evade its contractual and statutory obligations by refusing to permit Plaintiff Funds from conducting a thorough audit of its pertinent books and records, and *paying contributions* pursuant to the audit." The prayer for relief requests, "Judgment in favor of Plaintiff Funds against Nyeholt Steel for *all unpaid fringe benefit contributions ...*" and "Judgment in favor of Plaintiff Funds against Defendant Nyeholt Steel *in the amount disclosed by said audit....*"

In determining whether the Trust Funds' Complaint has sufficiently set forth a claim for relief for unpaid benefit contributions, this court consults Federal Rules of Civil Procedure 8(a) and 8(f). Federal Rule of Civil Procedure 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Federal Rule of Civil Procedure 8(f) commands a court to construe all pleadings "so as to do substantial justice." Embodied in these Rules is the concept of notice pleading, where all that is required of a claimant is fair notice of what the claim is and the grounds upon which it rests. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, et al.,* 507 U.S. 163, 167, 113 S.Ct. 1160, 1162–63, 122 L.Ed.2d 517 (1993) (citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Perma Life Mufflers, Inc. v. International Parts Corp.,* 392 U.S. 134, 142, 88 S.Ct. 1981, 1986, 20 L.Ed.2d 982 (1986). Certainly, the "Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103.

Given the liberal pleading rules which govern the construction of the Trust Funds' Complaint, this court finds Nyeholt's argument that the Complaint is absent of any request for unpaid benefits preposterous. This is not the case where the Trust Funds have artfully camouflaged their claim for unpaid benefit contributions somewhere in the depths of their Complaint, but rather the Complaint contains glaring, bright-line, and repeated allegations that Nyeholt is overdue in making fringe benefit contributions and blatantly cites to the appropriate ERISA provisions that entitle the Trust Funds to relief for the same. Moreover, the Trust Funds' claim for unpaid benefits could not be more any more expressly delineated than in the Complaint's prayer for relief where not only once, but, in fact, twice, the Trust Funds ask for judgment in the amount of the allegedly delinquent sums. *See Central States Southeast and Southwest Areas Pension Fund v. Sztanyo Trust,* 693 F.Supp. 531 (E.D.Mich.1988) (court found that in light of

---

**5.** 29 U.S.C. § 1132(g)(2) provides, "In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan—(A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems ap-

propriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986 [26 USCS § 6621]."

**6.** 29 U.S.C. § 1145 provides, "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement, shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

**518**

the edict to construe pleadings "so as to do substantial justice," the plaintiffs complaint sufficiently set forth facts supporting an ERISA claim). Actually, this court finds Nyeholt's construction of the Trust Funds' Complaint inconceivable and this court wrestles to understand how such a construction can be proffered in good-faith. Accordingly, this court orders Nyeholt to show cause why it should not be sanctioned pursuant to Rule 11 for bringing this summary judgment motion on such a baseless ground.

### 3. The Case Is Ripe for Adjudication

■ Nyeholt's second argument in support of its motion for summary judgment is that this case is not ripe because the Trust Funds have not asserted a claim for unpaid benefits. Specifically, Nyeholt contends that absent such a claim for unpaid benefits there is no substantial controversy over whether benefits are outstanding.[7]

■ It is not necessary for this court to delve into and explore the intricacies of the ripeness doctrine, because a cursory review of the same illustrates that this case is clearly ripe for a decision by this court. Suffice it is to say that ripeness is one of several justiciability doctrines concerned with ensuring that federal courts refuse to render advisory opinions and limit themselves to deciding only live cases or controversies. *Regional Rail Reorganization Act*

*Cases,* 419 U.S. 102, 138, 95 S.Ct. 335, 355–56, 42 L.Ed.2d 320.[8] The issue generally arises in the context of challenges to administrative action, where the basic rationale behind the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Pacific Gas and Electric Company v. State Energy Resources Conservation & Development Comm.,* 461 U.S. 190, 200–01, 103 S.Ct. 1713, 1720–21, 75 L.Ed.2d 752 (1983) (citing *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515–16, 18 L.Ed.2d 681 (1967)).[9] The ripeness doctrine has a constitutional component grounded in Article III [10] and a prudential ingredient. If neither element of the ripeness doctrine is satisfied, then the court is essentially stripped of its subject-matter jurisdiction to hear the dispute.

This case is clearly ripe for adjudication for it passes both the constitutional and prudential tests. A genuine controversy exists between Nyeholt and the Trust Funds regarding the issue of Nyeholt's alleged delinquency. Construing the Complaint and Answer together, the live dispute becomes apparent. In the Complaint, the Trust Funds allege that Nyeholt has not made its

7. Since this court rejects Nyeholt's argument that the Trust Funds failed to assert a claim for unpaid benefits, this court likewise rejects Nyeholt's argument that this case is not ripe because the Trust Funds have not so asserted such a claim.

8. *See also* E. Chemerinsky, *Federal Jurisdiction* 2d. ed. § 2.4, 114 (1994) ("Specifically, the ripeness doctrine seeks to separate matters that are premature for review because the injury is speculative and never may occur, from those cases that are appropriate for federal court action.") (citing *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967)).

9. Customarily, ripeness surfaces in cases where a party seeks pre-enforcement review of a statute or regulation, which is not the case here. Two criteria must be met to warrant pre-enforcement review of a case: (1) there must be substantial

hardship to the parties if court consideration is withheld and (2) the issues must be fit for judicial decision. *Abbott Laboratories,* 387 U.S. at 149, 87 S.Ct. at 1515–16.

10. *See WJW–TV, Inc. v. City of Cleveland,* 878 F.2d 906, 909 (6th Cir.1989) (per curiam) (quoting *Deakins v. Monaghan,* 484 U.S. 193, 199, 108 S.Ct. 523, 527–28, 98 L.Ed.2d 529 (1988)), *cert. den.* 493 U.S. 819, 110 S.Ct. 74, 107 L.Ed.2d 41 (1989) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."). The "case or controversy" requirement is also concerned with the idea of separation of powers. *Allen v. Wright,* 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556, *reh'g. den.* 468 U.S. 1250, 105 S.Ct. 51, 82 L.Ed.2d 942 (1984) (stating that ripeness relates to an "idea, which is more than an intuition but less than a rigorous and explicit theory, about constitutional and prudential limits to the powers of the unelected, unrepresentative judiciary in our kind of government").

requisite contributions and in its Answer, Nyeholt denies such allegation. The Trust Funds are not requesting an advisory opinion based upon a mere assumption that Nyeholt will not make payments *in the future*. Instead, the Trust Funds assert that Nyeholt is *past due* on its monthly obligations to the Trust Funds, as are required by the CBA.[11] Furthermore, this case is ripe notwithstanding the uncertainty regarding the amount, in any, Nyeholt allegedly owes the Trust Funds. Nyeholt seems to make the argument, in its Reply Brief, that the instant case is not ripe because the Trust Funds cannot at the present time, and could not at the time the Complaint was filed, specify the exact amount of the fringe benefit monies that allegedly are owed by Nyeholt. Yet, courts have decided a plethora of ERISA cases and ripeness was not even an issue where the amount of the past due obligation was indeterminate at the time the Complaint was filed because either an audit had not yet been conducted or the employer had prevented such an audit from being conducted. *See e.g. Chicago District Council of Carpenters, Pension Fund v. Ferm Siding, Inc.,* NO. 95–C–2351, 1996 WL 604022 (N.D.Ill. Oct. 19, 1996) (plaintiff filed suit to seek payment of all past due employee benefit contributions and audit was conducted after suit was initiated); *Chicago District Council of Carpenters Pension Fund v. Sciortino Contractors, Inc.,* 934 F.Supp. 277 (N.D.Ill.1996) (union pension and benefit funds filed an ERISA action to compel production of books and records to conduct an audit and to recover unpaid contributions revealed by said audit); *International Brotherhood of Electrical Workers, Local 9 v. Mars Electric Co., Inc.,* No. 94–C–983, 1995 WL 476678 (N.D.Ill. Aug. 8, 1995) (Local 9 sued Mars seeking both an audit and collection of delinquent fringe benefit contributions); *Sullivan v. Cox,* 78 F.3d 322 (7th Cir.1996) (employer failed to file reports and refused to allow an audit forcing plaintiff to file suit to obtain an audit and a judgment for any delinquen-

cy in unpaid contributions revealed by the audit); *Carpenters Local 600 Sick and Welfare Fund v. Lehigh Tile and Marble Co.,* 1991 WL 193409 (E.D.Penn. Sept. 17, 1991) (plaintiffs filed suit to collect unpaid funds but were unable to determine amount, if any, defendants owed to the fund as a result of defendant's refusal to comply with plaintiff's audit requests); *Trustees of Asbestos Workers Local Union No. 25 Insurance Trust Fund v. Metro Insulators, Inc.,* No. 89–1656, 1990 WL 67403 (6th Cir. May 22, 1990) (court held that plaintiff had right to audit defendant's books for the time period June 1, 1982 through June 1, 1988 to determine the amount of unpaid contributions owed and to receive the amount determined to be owed). In such cases, courts *first* order an audit to determine the extent of outstanding liability and *second* order payment of monies, if any, that the audit reveals are owed.

For all the aforementioned reasons, defendant's motion for summary judgment is denied. This court holds that the Complaint asserts a cause of action for the allegedly unpaid benefit contributions and that the case is ripe for adjudication.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion for summary judgment is **DENIED.**

It is **FURTHER ORDERED** that defendant show cause within fifteen (15) days of this order why Rule 11 sanctions should not be imposed for filing this motion for summary judgment.

**SO ORDERED.**

---

11. It is apparent to this court from the letters exchanged between counsel in this case that the actual dispute concerns whether Nyeholt is obligated to make fringe benefit payments for hours expended on more than two projects. Supposed-

ly, it is Nyeholt's position that the CBA encompassed only two specific projects and that no contributions would be due for hours worked on any projects other than the two projects covered by the CBA.